UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALERIE NEWBERN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-03938 |
| DIVERSIFIED CONSULTANTS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes VALERIE NEWBERN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 52 year-old natural person residing at 6416 Eberhart Street, 1st Floor, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "is a full service collection agency…focused on telecom recovery."[1] With its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, Defendant regularly collects upon consumers across the country, including in Illinois. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1994.[2]

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff obtained a new cellular phone number, (312) XXX-5898, in approximately April 2017.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5898. Plaintiff is and has always been financially responsible for the cellular phone and its services.

---

[1] http://www.dcicollect.com/about/dci-about.html
[2] http://www.acainternational.org/search#memberdirectory

11. Immediately upon receiving this new phone number, Plaintiff began receiving calls to her cellular phone, from Defendant.

12. Defendant has used a variety of phone numbers when contacting Plaintiff, including but not limited to: (312) 637-8887and (312) 638-3084.

13. Upon information and belief, the aforementioned phone numbers are all regularly utilized by Defendant to make outgoing calls to consumers it is collecting upon.

14. When Plaintiff answers calls from Defendant, she experiences a noticeable pause and has to say "hello" a few times being connected to a live representative.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was looking to speak with an individual named "William Cooper," for the purpose of collecting upon a debt.

16. Plaintiff is unfamiliar with any individual by that name.

17. Plaintiff is unaware as to how Defendant obtained her information and why it was calling her, as she does not have any outstanding debt owed to it.

18. Plaintiff informed Defendant that the phone number ending in 5898 does not belong to this individual named William Cooper, and she asked it to stop calling her.

19. Despite being provided with this information and being told to stop calling, Defendant has continued to regularly call Plaintiff's cellular phone up until the date of the filing of this complaint.

20. Plaintiff has received not less than 27 phone calls from Defendant, seeking to collect upon this unknown individual.

21. Plaintiff recently underwent heart surgery, and Defendant's phone calls have added a great deal of stress to her life and have worsened her overall physical condition.

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $68.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

24. Plaintiff has been unfairly harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. The debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b & c(b)**

30. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location

information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

31. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named William Cooper. Plaintiff advised Defendant that it was calling for the wrong person, so Defendant had more than enough information to know that the number it was calling did not belong to this unknown person. The fact that it was looking to speak with a male named William Cooper, but continuously called Plaintiff, whose name is Valerie Newbern, is illustrative of Defendant's unfair practice. Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

    b. **Violations of FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff seeking to collect upon a debt that did not belong to her. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect a debt owed by an individual unknown to Plaintiff was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

34. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

    c. **Violations of the FDCPA § 1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff at least 27 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it never had consent to do so in the first place.

    d. **Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with William Cooper, whom Plaintiff is unfamiliar with. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As pled in paragraphs 20 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, VALERIE NEWBERN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

44. Plaintiff does not have any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with. As such, she could not have given Defendant consent to contact her.

45. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VALERIE NEWBERN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

49. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

50. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

51. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person that Plaintiff had no relationship with. The fact that it was continuously calling the wrong party is illustrative of Defendant's unfair practice.

9

52. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

53. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

54. As pled in paragraphs 20 through 25, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on her cellular phone to block the calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff to speak with an unknown individual, as Plaintiff had no business relationship with Defendant. Even so, Plaintiff was still bombarded with collection phone calls asking to speak with a male named William Cooper. Defendant placed these phone calls with the intent to secure payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer such as Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, VALERIE NEWBERN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 24, 2017                                           Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard, Suite 150 | 900 Jorie Boulevard, Suite 150 |
| Oak Brook, Illinois 60523 | Oak Brook, Illinois 60523 |
| (630) 575-8181 x113 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |